**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 15-180                                      Caption [use short title]

Motion for: Motion For A Coordinated Briefing And     In re Vivendi Universal, S.A. Securities Litigation

Oral Argument Schedule And To Extend The

Type-Volume Limitation Of FRAP 28.1(e)(2)(A)

Set forth below precise, complete statement of relief sought:

Vivendi moves the Court to grant its (1)

unopposed request to establish a coordinated

schedule for briefing and oral argument that

mirrors the parallel Liberty appeals (Nos. 13-596,

13-739) and (2) opposed request to extend the

type-volume limitation of FRAP 28.1(e)(2)(A).

MOVING PARTY: Vivendi, S.A.                           OPPOSING PARTY: Olivier M. Gerard et al. on behalf of class, and proposed class

☐ Plaintiff          ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

MOVING ATTORNEY: Miguel A. Estrada                   OPPOSING ATTORNEY: Jeffrey A. Lamken

[name of attorney, with firm, address, phone number and e-mail]

Gibson, Dunn & Crutcher LLP                           Molo Lamken LLP

1050 Connecticut Ave., N.W., Washington D.C. 20036   600 New Hampshire Avenue, N.W. Washington, DC  20037

202-955-8500  //  mestrada@gibsondunn.com           (202) 556-2010  //  jlamken@mololamken.com

Court-Judge/Agency appealed from: Southern District of New York -- Hon. Shira A. Scheindlin

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?                     ☐ Yes ☐ No
Has this relief been previously sought in this Court?       ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Miguel A. Estrada    Date: 01/23/15          Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# 15-180(L)

## United States Court of Appeals
## for the Second Circuit

IN RE VIVENDI UNIVERSAL, S.A. SECURITIES LITIGATION

On Appeal From The United States District Court
For The Southern District Of New York, No. 02-cv-05571-SAS

**DEFENDANT-APPELLANT VIVENDI S.A.'S MOTION FOR A
COORDINATED BRIEFING AND ORAL ARGUMENT SCHEDULE
AND TO EXTEND THE TYPE-VOLUME LIMITATION OF FRAP 28.1(e)(2)(A)**

Miguel A. Estrada
  *Counsel of Record*

Caitlin J. Halligan          Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP  GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue              1050 Connecticut Avenue, N.W.
New York, NY 10166-0193      Washington, DC 20036-5306
(212) 351-4000               (202) 955-8500

*Attorneys For Defendant-Appellant/Cross-Appellee Vivendi S.A.*

*[Additional Counsel Listed On Inside Cover]*

James W. Quinn                     Paul C. Saunders
Gregory Silbert                    Daniel Slifkin
WEIL, GOTSHAL & MANGES LLP         Timothy G. Cameron
767 5th Avenue                     CRAVATH, SWAINE & MOORE LLP
New York, NY  10153                825 8th Avenue
(212) 310-8000                     New York, NY  10019
                                   (212) 474-1000

*Attorneys For Defendant-Appellant/Cross-Appellee Vivendi S.A.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, the undersigned hereby certifies as follows:

Appellant Vivendi S.A. has no parent corporation, and no publicly held corporation owns 10% or more of its stock.

| | |
|---|---|
| January 23, 2015 | /s/ Miguel A. Estrada |
| Date | MIGUEL A. ESTRADA |

**INTRODUCTION**

Defendant-Appellant Vivendi S.A. (f/k/a Vivendi Universal, S.A.) ("Vivendi") respectfully moves this Court for two forms of procedural relief. *First*, Vivendi and the class plaintiffs jointly request that the Court establish a coordinated briefing and oral argument schedule for this appeal and cross-appeal that mirrors the schedule in the parallel Liberty Media appeal and cross-appeal (*see* Nos. 13-596, -739) and provides the parties with sufficient time to brief their arguments in this complex securities class action. *Second*, Vivendi requests that the Court extend the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(A) for all parties' briefs. Undersigned counsel have notified class counsel regarding the relief sought in this motion; class counsel oppose only the word-limit extension and have stated that they intend to file a response limited to that relief.

The scale and complexity of this litigation fully justify the requested relief. Plaintiffs contend that Vivendi—a French media company—violated Section 10(b) of the Exchange Act and Rule 10b-5 by not fully disclosing the company's "liquidity risk" during the post-dot-com years, causing Vivendi's stock price to drop in 2002. Plaintiffs brought this action in that year on behalf of a purported class of investors in Vivendi's foreign and domestic securities. For more than twelve years the parties engaged in hard-fought litigation before three district

judges whose published decisions fill well over one hundred pages in the federal reporters.  The litigation culminated in a rare jury trial, presided over by Judge Holwell, which lasted fifteen weeks and resulted in a verdict for plaintiffs that eventually was reduced to a Rule 54(b) partial final judgment of nearly $50 million.  The class jury's verdict form alone is 72 pages and encompasses more than 1,000 discrete findings.  *See* Dkt. No. 998.[1]

Events since the class trial have raised the stakes of this litigation.  Another investor, Liberty Media Corporation, obtained a billion-euro judgment based on the purported collateral estoppel effect of the class jury's findings—a judgment currently on appeal before this Court.  *See Liberty Media Corp. v. Vivendi Universal, S.A.*, Nos. 13-596, -739 (2d Cir.).  Meanwhile, post-verdict proceedings in this case have spanned five years; indeed, Vivendi's reliance challenges for certain large investors are ongoing.  As these events unfolded, a host of intervening decisions by the Supreme Court and this Court have transformed the underlying substantive law dramatically.

This Court has previously recognized the close connection between the Liberty Media case and the class action at issue in this appeal.  *See* Order, Nos. 13-596 & 13 739 (2d Cir. Apr. 4, 2013), ECF No. 94 (Winter, J.).  Indeed, by staying the Liberty Media appeals for nearly two years pending appeal from the class

---

[1] Citations to "Dkt. No. ___" are to docket entries in *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-cv-5571 (S.D.N.Y.).

action judgment, the Court implicitly acknowledged that coordination of these appeals will promote judicial efficiency and procedural fairness. Given the need for a coordinated presentation of these issues in conjunction with the parallel Liberty Media appeals, Vivendi and plaintiffs have agreed on a uniform briefing and oral argument schedule that would apply both in this case and the parallel Liberty Media appeals. Moreover, the parties agree that any schedule should account for briefing in the cross-appeals, which this Court's prior Order did not address. Thus, for the reasons set forth below, the parties jointly request that the Court adopt the proposed coordinated schedule set forth in the attached Exhibit A.

Furthermore, in light of the extraordinary circumstances of this case, a substantial extension of the type-volume limitation is warranted so that the parties can adequately set forth the history of this case and present their arguments to the reviewing panel with sufficient clarity. Thus, for the reasons set forth below, Vivendi seeks an additional 10,000 words (or 24,000 words total) for its principal brief and an additional 7,000 words (or 21,000 words total) for its response and reply brief, with corresponding extensions for plaintiffs' briefs, as set forth in the attached Exhibit B.

## ARGUMENT

As this Court previously recognized in staying the Liberty Media appeals pending this appeal—and as the parties agree—both cases should proceed on a

3

parallel schedule for briefing and argument. *See* Order, Nos. 13-596 & 13 739 (2d Cir. Apr. 4, 2013), ECF No. 94 (Winter, J.). And because each case involves a voluminous record with numerous legal issues, Vivendi respectfully requests an extension of the word limits for its briefs.

## I. The Parties Agree That A Coordinated Schedule For Briefing And Oral Argument Is Warranted

This case presents cross-appeals from a $49.8 million partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of an international class of investors that sued Vivendi under the federal securities laws for a drop in the price of Vivendi's shares. As even a cursory summary of the record shows, the issues in this massive appeal demand a thorough and coordinated presentation.

**A.** Plaintiffs brought this action in 2002 on behalf of a purported class of investors in Vivendi's foreign-listed ordinary shares and U.S.-listed American Depository Shares. The district court denied Vivendi's motion to dismiss the consolidated class action complaint, even though the only statements identified consisted of classic puffery and forward-looking projections. *See* Dkt. No. 84 at 26-29. Over Vivendi's objection, the district court then certified a class comprised of domestic and foreign investors who had purchased Vivendi shares—including shares not traded in the United States or listed on a domestic exchange—based on a class-wide presumption of reliance under the fraud-on-the-market theory. *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 109 (S.D.N.Y. 2007).

4

Plaintiffs asserted that Vivendi violated the federal securities laws by not fully disclosing its "liquidity risk"—the risk that the company would be unable to pay its bills as they came due. *See* Dkt. No. 767 at 6. Significantly, however, Vivendi never missed a payment and never restated its financial reporting. What is more, plaintiffs failed to prove the price impact of each alleged misstatement. Nevertheless, the district court refused to grant Vivendi partial summary judgment on plaintiffs' novel "liquidity risk" theory of securities-fraud liability. *See id.* at 1.

After seven years of pre-trial proceedings, plaintiffs tried to a jury their theory of securities fraud spanning dozens of discrete representations by Vivendi, its former CEO, and its former CFO. The trial lasted fifteen weeks during 2009 and 2010. The cornerstone of plaintiffs' case-in-chief was their expert's loss causation testimony, which posited that share price inflation could be attributed to Vivendi's alleged fraud and that price drops in 2002 were caused by its alleged materialization. After the close of evidence, plaintiffs revealed, for the first time and over Vivendi's objection, a list of 57 supposed misstatements (and 81 individual sub-statements) on which the jury was then asked to impose liability under Section 10(b) and Rule 10b-5. After deliberating fourteen days, the jury found that each of those 57 statements was a material misstatement that Vivendi had made recklessly. Significantly, the jury also found that Vivendi's CEO and

5

CFO—the only individuals alleged to have directed the corporation's actions—had done nothing wrong.

Vivendi filed a renewed motion for judgment as a matter of law or a new trial, which the district court largely denied in an opinion filling 67 pages in the Federal Supplement. *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 520-87 (S.D.N.Y. 2011). In light of the Supreme Court's intervening decision in *Morrison v. National Australian Bank Ltd.*, 130 S. Ct. 2869 (2010), however, the district court dismissed from the class those plaintiffs who had purchased only foreign-traded shares of Vivendi's stock. *See Vivendi*, 765 F. Supp. 2d at 533-34. The district court thereafter allowed Vivendi an opportunity to rebut the presumption of reliance as to individual members of the class. *See Basic, Inc. v. Levinson*, 485 U.S. 224, 248 (1988). After Vivendi waived its reliance challenges for the vast majority of the class in an effort to secure an appealable judgment, the district court entered a Rule 54(b) judgment on December 23, 2014. *See* Dkt. No. 1231. Vivendi filed its notice of appeal on January 21, 2015, and the class plaintiffs filed their notice of cross-appeal on January 22, 2015. *See* Dkt. No. 1234; Dkt. No. 1235.

**B.** Meanwhile, events in a related case have placed the class jury's findings under heightened scrutiny. In *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03-cv-2175 (S.D.N.Y.), Liberty Media, a sophisticated institutional investor,

obtained a €944,802,768.37 judgment against Vivendi based on the purported collateral estoppel effect of the class jury's findings (which had not been reduced to judgment). Because Vivendi is challenging that radical application of preclusion doctrine in the parallel appeal, *see Liberty Media Corp. v. Vivendi Universal, S.A.*, Nos. 13-596, -739 (2d Cir.), it will be necessary for Vivendi to set forth the class jury's purportedly preclusive findings in sufficient detail.

This Court stayed the Liberty Media appeals precisely so that appellate briefing and oral argument in both cases could proceed in parallel. And that coordination makes eminent good sense: Many of Vivendi's arguments in this appeal complement, and are interdependent on, arguments in the Liberty Media appeals. It is thus essential for an organized presentation of issues and arguments that the briefing and oral argument schedule in this case mirrors that in the Liberty Media appeals.

Accordingly, the parties agree that the following proposed schedule would best maintain coordinated briefing in both cases while providing all the parties with sufficient time to brief their issues and respond to opposing arguments:

- Vivendi will file its principal appellate briefs in this case and the Liberty Media appeals on February 20, 2015, or 30 days after filing its notice of appeal, pursuant to this Court's Order of April 4, 2013. *See* Order, Nos. 13-596 & 13-739 (2d Cir. Apr. 4, 2013), ECF No. 94.

7

- Plaintiffs will file their principal and response brief in this case on April 21, 2015, or 60 days after the filing of Vivendi's principal brief. Similarly, Liberty Media will file its principal and response brief in the parallel case on April 21, 2015, or 60 days after the filing of Vivendi's principal brief. Under this Court's Rule 31.2, appellees are entitled to specify a deadline of up to 91 days for filing their opening briefs. *See* 2d Cir. R. 31.2(a)(1)(B). The proposed 60-day deadline is therefore *less* time than appellees ordinarily would have to file their briefs.

- Vivendi will file its response and reply briefs in both cases on June 22, 2015, or 62 days after the filing of Liberty Media's and class plaintiffs' principal and response briefs. Under this Court's Rule 31.2, Vivendi is entitled to specify a deadline of up to 60 days for filing its response and reply brief, and can request additional time in cases (such as this) involving a voluminous record. *See* 2d Cir. R. 31.2(a)(1)(C)-(D). Because the 60th day falls on a Saturday, the requested June 22 filing date provides Vivendi with no more time than an appellant ordinarily would be entitled to receive for filing its responsive brief.

- Plaintiffs will file their reply brief in this case on July 22, 2015, or 30 days after the filing of Vivendi's response and reply brief. Similarly, Liberty

Media will file its reply brief in the parallel case on July 22, 2015, or 30 days after the filing of Vivendi's response and reply brief.

- The parties will file their deferred appendices in both cases on August 5, 2015, or 14 days after the filing of Liberty Media's and class plaintiffs' reply briefs.

- The parties will file their final briefs in both cases on August 19, 2015, or 14 days after the filing of the deferred appendices.

In addition, both parties jointly request that the Court schedule oral argument in both cases on the first available date on or after September 28, 2015. Oral argument on or shortly after that date would help to ensure that the cases are submitted to the Court without undue delay and that the reviewing panel and counsel have sufficient time to prepare for argument. It would also best accommodate the professional commitments of counsel in both cases.

The parties' joint proposed schedule on briefing and oral argument is set forth in the table attached as Exhibit A. Vivendi submits that the proposed schedule—which involves only modest extensions of time for the filing of plaintiffs' briefs and the deferred appendix—is reasonable both in this case and in the parallel Liberty Media appeals.

## II. A Substantial Extension Of The Word Limits Is Warranted

Vivendi also respectfully requests an extension of the word limits for its principal brief and its response and reply brief in this case, with corresponding extensions for plaintiffs' briefs. The agreed-upon briefing and argument schedule, with Vivendi's requested extensions of the word limits, is set forth in the table attached as Exhibit B.

**A.** This is no ordinary securities case. It is titanic, twelve-year litigation involving a lengthy jury trial, more than 7,500 pages of trial transcript, hundreds of pages of relevant district court rulings, and more than 1,000 individual jury findings based on dozens of purportedly false statements. The class jury's findings have spawned judgments totaling well in excess of a *billion* dollars.

Under similar circumstances, this Court has not hesitated to grant type-volume extensions comparable to—or even much larger than—Vivendi's reasonable request. *See*, *e.g.*, Order, *Chevron Corp. v. Donziger*, Nos. 14-826, -832 (2d Cir. June 26, 2014), ECF No. 77 (granting leave to file appellants' principal briefs totaling 50,000 words and appellee's principal brief of 50,000 words—extensions of more than 30,000 words); Order, *In re UBS Sec. Litig.*, No. 12-4355 (2d Cir. Jan. 22, 2013), ECF No. 78 (granting 7,000-word extension of principal brief in a securities class action that presented just three issues on a motion to dismiss); Order, *United States v. Ghailani*, No. 11-320 (2d Cir. Jan. 19,

10

2012), ECF No. 68 (granting appellant extension of 19,500 words on principal brief where appeal raised only three issues but trial transcript was 2,600 pages); Order, *In re Herald, Primeo, & Thema Funds Sec. Litig.*, No. 12-156 (2d Cir. Apr. 30, 2012), ECF No. 172 (granting appellant leave to file principal brief of 21,000 words although district court had issued only five relevant orders and the litigation had taken just three years); Order, *In re Agent Orange Prod. Liab. Litig.*, No. 05-1760 (2d Cir. Feb. 23, 2006) (granting extension of 19,000 words to present a single legal issue with complicated factual background).

By any account, the factual and legal background with which the panel will need to familiarize itself is "extensive." Dkt. No. 1147 at 1 n.1. Just the *published* decisions relevant to this appeal fill more than 100 pages in the Federal Supplement and the Federal Rules Decisions. *See*, *e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 158 (S.D.N.Y. 2003) (Baer, J.) (29 pages); *In re Vivendi Universal, S.A. Sec. Litig.*, 634 F. Supp. 2d 352 (S.D.N.Y. 2009) (Holwell, J.) (21 pages); *Vivendi*, 765 F. Supp. 2d 512 (67 pages); *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144 (S.D.N.Y. 2012) (Scheindlin, J.) (18 pages). For example, the district court filled 23 pages just in discussing Vivendi's challenge to the jury's findings on scienter and loss causation. *See Vivendi*, 765 F. Supp. 2d at 543-54 (scienter); *id.* at 555-567 (loss causation). As Vivendi will show, those findings contravene settled law.

11

Numerous other procedural and substantive irregularities in this case further necessitate extending the standard word limits.  Although Vivendi can provide only a partial overview of these issues here, they will require substantial development in the merits briefing.  After the close of evidence at trial, for example, plaintiffs revealed for the first time the 57 statements (and 81 sub-statements) on which the jury would be asked to find liability.  Vivendi cannot adequately challenge those statements on appeal without devoting substantial space in describing them.  Similarly, in its opinion on Vivendi's post-trial motions, the district court endorsed a novel "maintenance" theory of loss causation that was never tried to the jury and that will require substantial briefing on appeal.  *See Vivendi*, 765 F. Supp. 2d at 562-63.  Vivendi also will challenge plaintiffs' expert's unprecedented methodology purporting to demonstrate loss causation—a methodology that occupied several days of trial testimony.

The extensive record and numerous legal issues on appeal would alone warrant a substantial extension of the type-volume limitation.  But this appeal also involves at least four intervening Supreme Court decisions—and several additional decisions by this Court—on critical, dispositive issues.  After the district court ruled on Vivendi's renewed motion for judgment as a matter of law, the Supreme Court handed down landmark decisions that significantly transform requirements for proving scienter (*see Janus Capital Group, Inc. v. First Derivative Traders*,

12

131 S. Ct. 2296 (2011)), loss causation (*see Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179 (2011)), and reliance (*see Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014)), and this Court established a new standard on falsity (*see Fait v. Regions Financial Corp.*, 655 F.3d 105 (2d Cir. 2011)). Because these intervening decisions have made this a significantly different case on appeal, plaintiffs reasonably can be expected to defend at length the consistency of their judgment with controlling law. Vivendi requests adequate room to anticipate and respond to these additional arguments.[2]

Moreover, in order to allow plaintiffs sufficient space to respond to Vivendi's arguments, Vivendi requests corresponding extensions of 10,000 words for plaintiffs' principal and response brief (to a total of 26,500 words), and 7,000 words for plaintiffs' reply brief (to a total of 14,000 words). In the unlikely event that plaintiffs determine in the course of briefing that these extra words are unnecessary, then of course plaintiffs need not use them—although plaintiffs almost certainly will do so.

**B.** Vivendi is mindful that this Court disfavors motions to file oversized briefs; undersigned counsel thus do not make this motion lightly. But given the

---

[2] As noted, the district court also applied, after trial, the Supreme Court's intervening decision in *Morrison*—a ruling that plaintiffs intend to contest in their cross-appeal. This Court has also handed down several significant decisions applying *Morrison* that the parties will need space to address. *See*, *e.g.*, *Parkcentral Global Hub, Ltd. v. Porsche Automobile Holdings SE*, 763 F.3d 198 (2d Cir. 2014).

voluminous record, the extensive jury findings, the complexity and number of the legal issues on appeal, and the number of significant intervening precedents, a substantial extension of briefing is warranted. Having proceeded through numerous drafts of Vivendi's principal brief, counsel's professional judgment remains that the extensive background and the substantial issues presented in this appeal cannot fairly and adequately be presented for the Court's consideration within the standard space allotted. Similarly, it is counsel's professional judgment that Vivendi cannot adequately present its reply arguments and respond to plaintiffs' anticipated affirmative arguments within the standard space allotted for a consolidated response and reply brief.

Vivendi therefore requests an additional 10,000 words (or 24,000 words total) for its principal brief and an additional 7,000 words (or 21,000 words total) for its response and reply brief, with corresponding extensions for plaintiffs' briefs, as set forth in the attached Exhibit B.

## CONCLUSION

For the forgoing reasons, Vivendi respectfully moves this Court to: (1) establish a coordinated schedule for briefing and oral argument in this case and the parallel Liberty appeals, with oral argument scheduled on the first available date on or after September 28, 2015, as set forth in the attached Exhibit A; and (2) extend the type-volume limitation of Federal Rule of Appellate Procedure 28.1(e)(2)(A) in

this case to permit Vivendi to file a principal brief not exceeding 24,000 words and a response and reply brief not exceeding 21,000 words, with corresponding extensions for plaintiffs' briefs, as set forth in the attached Exhibit B.

Dated: January 23, 2015

Respectfully submitted,

 */s/ Miguel A. Estrada*

Miguel A. Estrada

Caitlin J. Halligan
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Mark A. Perry
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
(202) 955-8500

Paul C. Saunders
Daniel Slifkin
Timothy G. Cameron
CRAVATH, SWAINE & MOORE LLP
825 8th Avenue
New York, NY  10019
(212) 474-1000

James W. Quinn
Gregory Silbert
WEIL, GOTSHAL & MANGES LLP
767 5th Avenue
New York, NY  10153
(212) 310-8000

*Attorneys for Defendant-Appellant/Cross-Appellee Vivendi S.A.*

**EXHIBIT A**
**Joint Proposed Coordinated Briefing Schedule**

| Date | Timeframe | Class Action | Liberty Action |
|------|-----------|--------------|----------------|
| Wednesday, January 21 | — | Vivendi's Notice of Appeal | — |
| Friday, February 20 | 30 days | Vivendi's Principal Brief | Vivendi's Principal Brief |
| Tuesday, April 21 | 60 days | Class's Principal Brief | Liberty's Principal Brief |
| Monday, June 22 | 62 days | Vivendi's Response/Reply Brief | Vivendi's Response/Reply Brief |
| Wednesday, July 22 | 30 days | Class's Reply Brief | Liberty's Reply Brief |
| Wednesday, August 5 | 14 days | Deferred Appendix | Deferred Appendix |
| Wednesday, August 19 | 14 days | Final Briefs | Final Briefs |
| Monday, September 28 (or next available date) | — | Oral Argument (same panel) | Oral Argument (same panel) |

**EXHIBIT B**
**Joint Proposed Coordinated Briefing Schedule**
**With Vivendi's Requested Word Limits**

| Date | Timeframe | Class Action | Liberty Action |
|---|---|---|---|
| Wednesday, January 21 | — | Vivendi's Notice of Appeal | — |
| Friday, February 20 | 30 days | Vivendi's Principal Brief (24,000 words) | Vivendi's Principal Brief (21,000 words) |
| Tuesday, April 21 | 60 days | Class's Principal Brief (26,500 words) | Liberty's Principal Brief (23,500 words) |
| Monday, June 22 | 62 days | Vivendi's Response/Reply Brief (21,000 words) | Vivendi's Response/Reply Brief (19,000 words) |
| Wednesday, July 22 | 30 days | Class's Reply Brief (14,000 words) | Liberty's Reply Brief (12,000 words) |
| Wednesday, August 5 | 14 days | Deferred Appendix | Deferred Appendix |
| Wednesday, August 19 | 14 days | Final Briefs | Final Briefs |
| Monday, September 28 (or next available date) | — | Oral Argument (same panel) | Oral Argument (same panel) |

## CERTIFICATE OF SERVICE

I, Miguel A. Estrada, hereby certify that on January 23, 2015, I caused a copy of the foregoing to be hand-delivered to:

Arthur N. Abbey
Abbey Spanier Rodd Abrams
   & Paradis, LLP
212 East 39th Street
New York, NY  10016
(212) 889-3700
aabbey@abbeyspanier.com

Jeffrey A. Lamken
Molo Lamken LLP
600 New Hampshire Avenue, N.W.
Washington, DC  20037
(202) 556-2010
jlamken@mololamken.com

*Attorneys for Class Plaintiffs-Appellees/Cross-Appellants*